Case: 5:19-cr-00209-KKC-MAS   Doc #: 34   Filed: 06/26/20   Page: 1 of 5 - Page ID#: 97

Eastern District of Kentucky
**FILED**
JUN 26 2020
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL ACTION NO. 5:19-209-KKC-MAS-1 |
| Plaintiff, | |
| V. | OPINION AND ORDER |
| ALLANTE RAMONE BROWN, | |
| Defendant. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant's motion to revoke a detention order. For the reasons stated below, the Court denies Defendant's motion.

## Background

On December 20, 2019, Magistrate Judge Edward Atkins ordered that Defendant Allante Ramone Brown be committed to the custody of the Attorney General. (DE 17.) On March 13, 2020, Defendant pled guilty to Count 1 of the indictment (DE 25; DE 26), and he is currently housed at the Grayson County Detention Center. Sentencing in this matter is currently scheduled for July 21, 2020. (DE 25.)

On June 10, 2020, Defendant filed a motion to revoke the order of detention pursuant to 18 U.S.C. § 3145(b), citing his concerns about the disease caused by the novel coronavirus, COVID-19, and certain symptoms that he is currently experiencing. (DE 31.) In the alternative, he requests a transfer to the Fayette County Detention Center, or another facility in Central Kentucky. (DE 31 at 4.)

1

## Analysis

**I. Standard**

"Under 18 U.S.C § 3142(e), a defendant shall be detained pending trial if, after a hearing, the judicial officer finds that no condition or set of conditions will reasonably assure the defendant's appearance as required and the safety of any other person and the community." *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004). Subsection G of that statute "sets out the factors to be considered in making that determination" –

> (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. The government must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or the community by clear and convincing evidence.

*Id.*

18 U.S.C. § 3145(b) allows a detained person to file a motion for revocation or amendment of a detention order when that order was issued "by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court." "Reconsideration of a defendant's detention order may be granted only on new information that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." *United States v. Ford*, No. 2:20-CR-51, 2020 WL 1921209, at *2 (S.D. Ohio Apr. 21, 2020) (citation and internal quotation marks omitted). "While the Sixth Circuit has not adopted a specific standard under which a magistrate judge's detention order should be reviewed, [courts] within the Sixth Circuit have used the *de novo* standard." *United States v. Smith*, No. 5:20-CR-2-TBR, 2020 WL 3066623, at *2 (W.D. Ky. June 9, 2009) (citation and internal quotation marks omitted).

2

## II. Discussion

In the initial detention order, the Magistrate Judge concluded "that no conditions can be imposed that will reasonably assure Brown's appearance at future proceedings, and the safety of any other or to the community." (DE 17 at 5.) After reviewing the record and the parties' briefing on Defendant's motion, the Court arrives at the same conclusion today.

As to the first factor, Defendant has pled guilty to possession of a firearm by a convicted felon (DE 25; DE 26), a crime he was charged with after having been involved in two separate, prior shooting incidents and while on electronic monitoring (DE 17 at 5). As to the second factor – which "goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt," *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010) – the Magistrate Judge noted that Defendant, while on electronic monitoring, was believed to have been near a shooting incident and that shell casings from that incident matched a gun believed to have been his; that Defendant had been inquiring about a lost gun; and that his fingerprints were found in and on a vehicle that appeared to have been involved in a separate shooting. (DE 17 at 5-6.) The Court agrees with the Magistrate Judge that this conduct was established by clear and convincing evidence and that this evidence establishes Defendant's unwillingness to follow court-imposed conditions, the purpose of which are to reasonably assure his appearance at future proceedings and the safety of others. As to the third factor, as the Magistrate Judge noted, Defendant has a significant criminal history. (DE 17 at 6.) As to the fourth factor, the Magistrate Judge noted that, in addition to Defendant's suspected association with the above-discussed shooting incidents, prior electronic monitoring has not restrained Defendant's criminal activity, and that, despite having a prior felony conviction and being under indictment for charges of tampering with electronic monitoring, and having lost the privilege of possessing firearms, Defendant was found to be in possession of loaded firearms. (DE 17 at 7.) The Court agrees with the

3

Magistrate Judge that this conduct was established by clear and convincing evidence, and that the evidence leads to an undeniable conclusion that Defendant will not follow the conditions imposed by the Court.

Defendant argues that the Court must "reevaluate" his detention "against the new backdrop that Grayson County Detention Center may be becoming a 'hot spot' for infection from Covid-19" (DE 31 at 4); further, Defendant claims that he is suffering certain symptoms which he implies are consistent with COVID-19, and that his cellmate may also have contracted the disease. (DE 31 at 1.) The government counters that it has confirmed that Defendant has not been exposed to any individuals who are known to be infected with COVID-19 while he has been housed in Grayson County Detention Center, and that the facility is quarantining those who have tested positive. (DE 33 at 4.) More importantly, Defendant's concerns about COVID-19 do not disturb this Court's finding that no set of conditions will reasonably assure Defendant's appearance and the safety of the community, because those concerns are not relevant to that finding. *See Ford*, 2020 WL 1921209, at *2 ("The mere possibility of [a defendant] contracting COVID-19 while *inside* [a detention facility] is of no import to his risk of harm to the public *outside* of the facility." (emphasis in original)).

Defendant also argues that "much of the testimony given by Sgt. Burnett [at the detention hearing] has been unsubstantiated by any corroborating evidence, an[d] many of the items that served as the basis for a preliminary finding that he may be a danger to the community have been dismissed." (DE 31 at 4.) However, Defendant fails to provide any new evidence that might discredit the prior testimony and, simply put, these claims are entirely conclusory and without support.

Defendant requests, in the alternative, that the Court transfer him to Fayette County Detention Center, or another facility located in Central Kentucky. (DE 31 at 4.) However,

4

Defendant fails to cite any legal foundation – or develop any argument – based upon which the Court could or should order such relief.

## Conclusion

Accordingly, the Court hereby ORDERS that Defendant's motion to revoke the detention order (DE 31) is DENIED.

Dated June 26, 2020



Signed By:
Karen K. Caldwell
United States District Judge